```
                    FILED
                07 NOV 30 AM 9: 12
             CLERK, U.S. DISTRICT COURT
           SOUTHERN DISTRICT OF CALIFORNIA

         BY:       CP              DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.  04CR2605-W |
| ) | |
| Plaintiff, ) | AMENDED ORDER OF CRIMINAL |
| ) | FORFEITURE |
| v. ) | |
| ) | |
| STEPHEN PARKER GARDNER (1), ) | |
| ) | |
| Defendant. ) | |
| ) | |

   WHEREAS on March 13, 2007, this Court entered its Preliminary Order of Criminal Forfeiture, which condemned and forfeited all right, title and interest of STEPHEN PARKER GARDNER in certain assets listed in the Forfeiture Allegations of the Superceding Indictment and in the Complaint for Forfeiture in the related civil case No. 05CV0243-IEG, to the United States; and

   WHEREAS, this court found, by virtue of the facts set forth in the plea agreement executed by STEPHEN PARKER GARDNER, that the United States had established the requisite nexus between the forfeited properties and the offense set forth in Count One of the

Superseding Indictment to which STEPHEN PARKER GARDNER pled guilty; and

WHEREAS, on May 8, 2007, Dorothy F. Gardner, spouse of Stephen Parker Gardner, in her individual capacity and in her capacity as co- trustee of the Gardner Family Trust Dated December 29, 1995, executed a <u>Consent and Agreement to Forfeiture</u> wherein she consented to the forfeiture of, and forfeited all her rights, title, and interest in the properties subject to the March 13, 2007 Preliminary Order of Criminal Forfeiture, except that Dorothy F. Gardner, in her capacity as the President of Yankee Trader Acquisition Corporation ("Yankee Trader") which holds a leasehold interest in 169 Searsport Avenue, Belfast, Maine, expressly reserved and did not agree to the forfeiture of the leasehold rights of the Yankee Trader in 169 Searsport Avenue, Belfast, Maine; and

WHEREAS, on October 31, 2007, Dorothy F. Gardner in her capacity as president and owner of Yankee Trader and the United States executed the <u>Agreement As To The Leasehold Interest Of Yankee Trader Acquisition Corporation in Real Property And Improvments Located at 169 Searsport Avenue, Belfast, Maine</u> in which the United States recognized the Yankee Trader's leasehold interest in 169 Searsport Avenue, Belfast, Maine, and reached an agreement with Yankee Trader that ten percent of the net proceeds from the sale of 169 Searsport Avenue, Belfast, Maine, will be remitted to Yankee Trader through it's President, Dorothy F. Gardner upon the close of escrow; and

WHEREAS, on May 24, May 31, and June 7, 2007, the United States published, in a newspaper of general circulation, notice of the Court's Order and the United States' intent to dispose of the property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n), and further notifying all third parties of their right to petition the Court within thirty (30) days for a hearing to adjudicate the validity of their alleged legal interest in the property; and

WHEREAS, there were no potential additional third parties known to the United States to have, or to have alleged, an interest in the forfeited property; therefore, no one was provided with direct notice of the forfeiture.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as a result of the failure of any third party to come forward or file a petition for relief from forfeiture as provided by law, all right, title and interest of STEPHEN PARKER GARDNER and any and all third parties in the following assets are hereby condemned, forfeited and vested in the United States of America:

    A.   Approximately $384,652.44 in United States currency seized from Defendant's Bear Stearns brokerage accounts, currently in the possession of the United States Marshals Service that is also the subject of a related civil forfeiture action, *United States of America v. Approximately $384,652.44 in United States Currency*, Civil No. 05CV0243-IEG (S.D. Cal.)

    B.   The parcel of real property and all improvements located on **Searsport Avenue, Belfast, Maine**, Map 27, Lot 21, as more fully described in the Waldo County Warranty Deed Book 2456, Page 304 & 305, as follows:

> "A certain lot or parcel of land situated in Belfast in the County of Waldo and State of Maine, commencing at Elwood Stantial's northwesterly

corner on the south side of U.S. Route 1; thence southerly along said Stantial's westerly line to land of Frances Templeton Drace; thence westerly along said Drace's line to land of Dorothy Keswick 21 rods, more or less; thence northerly along said Keswick's easterly line and the easterly line of land of Ruth Southard to said U.S. Route #1; thence easterly 21 rods, more or less, along the southerly bound of said U.S. Highway #1 to the point of beginning. EXCEPTING AND RESERVING, a right of way, one rod in width, along the easterly line of the granted premises to land of Francis Templeton Drace. EXCEPTING AND RESERVING, that portion of the property described in the deed conveyed by Richard A. Byrne, Joseph H. Byrne, Jr. and Sheila M. Byrne to Joseph H. Byrne and Sheila M. Byrne by deed dated August 1, 1988 and recorded in the Waldo County Registry of Deeds in Book 1048, Page 198. ALSO EXCEPTING AND RESERVING, an easement four feet wide for drainage purposes as more fully described in the above-referenced deed recorded in Book 1048, Page 198. MEANING AND INTENDING to convey and hereby conveying the same premises described in a deed from Russell J. Bryant, et ux, to Joseph H. Byrne, Jr. and Richard A. Byrne dated October 18, 1968 and recorded in the Waldo County Registry of Deeds in Book 671, Page 489."

C.   The parcel of real property and all improvements located at **169 Searsport Avenue, Belfast, Maine,** Map 27, Lot 22, as more fully described in the Waldo County Warranty Deed Book 2514, Page 26, as follows:

"<u>Parcel One</u>: Being all and the same premises described in a deed given by Gertrude P. Gordon to Fred F. Browning, dated August 22, 1925 and recorded in the Waldo County Registry of Deeds in Book 355, Page 346, and being land and buildings on the southerly side of Searsport Avenue; bounded northerly by Searsport Avenue, sometimes referred to as the Atlantic Highway, as it was located previous to 1954; easterly by land formerly of E. A. Stantial; southerly by land now or formerly of Dorothy Keswick; and westerly by right of way, Lott 22 Division1; EXCEPTING AND RESERVING a small strip next to said Atlantic Highway and being the same parcel conveyed by Neva L. Browning to State of Maine, by deed dated March 4, 1955, and recorded in

said Registry of Deeds in Book 523, Page 217. MEANING AND INTENDING to convey and hereby conveying the same premises described in a deed from Richard A. Byrne, et ux, to Joseph H. Byrne and Sheila M. Byrne, recorded in the Waldo County Registry of Deeds in Book 760, Page 371. <u>Parcel Two</u>: A certain lot or parcel of land, together with the buildings thereon known as the Yankee Trader situated in Belfast, Maine and more particularly bounded and described, as follows, to wit: Beginning at the northwesterly corner of premises described in a deed from Richard A. Byrne, et ux, to Joseph H. Byrne and Sheila M. Byrne, dated October 18, 1978 and recorded in the Waldo County Registry of Deeds in Book 760, Page 371 marked by a found iron rod; thence South 80°18' East but always in the southerly side line of U.S. Route No. 1 and passing through the northeasterly corner of the parcel of land described in Book 760, Page 371, two hundred (200) feet to an iron rod set in the southerly side of line of U.S. Route No. 1, said point being fifty (50) feet easterly of the northwesterly corner of the parcel described in Book 671, Page 489; thence South 27° 21' 20" West along the line of land retained by Joseph H. Byrne and Richard A. Byrne from a parcel of land described in a deed dated September 25, 1968, and recorded in said Registry in Book 671, page 489, a distance of one hundred fifty-six and sixty-six hundredths (156.66) feet to the southeast corner of land described in the deed recorded in Book 760, Page 371; thence North 80° 18' 00" West along the northerly line of land described in a deed to William B. Keswick dated September 18, 1964, and recorded in said Registry in Book 625, Page 388, one hundred fifty (150) feet to the southwest corner of land described in the deed recorded in Book 760, Page 371, marked by an iron hub; thence North 8° 44' 47" East along the westerly line of land described in Book 760, Page 371, a distance of one hundred forty-nine and thirty-one hundredths (149.31) feet to the point of beginning. Also hereby conveying an easement four feet wide for drainage purposes over land retained by Richard A. Byrne and Joseph H. Byrne described in Book 671, Page 489, which has an existing drainpipe running to an existing ditch; the center line of said easement is described as follows, to wit: Beginning at a point situated on the

easterly line of the above described premises, said point located South 27° 21' 20" West a distance of twelve and two tenths (12.2) feet from the iron rod set at the northeast corner of the above- described premises; thence South 41° 30' East a distance of forty-five (45) feet, more or less, to an existing drainage ditch. The above described parcel, containing sixty one hundredths (0.60) acres, more or less the northwesterly triangular portion of the premises described in a deed from Russell J. Bryant, et ux, to Joseph H. Byrne and Richard A. Byrne, dated September 25, 1968 and recorded in the Waldo County Registry of Deeds in Book 671, Page 489, an all of the premises described in a deed from Richard A. Byrne, et ux to Joseph H. Byrne, et ux, dated October 18, 1978 and recorded in said Registry in Book 760, Page 371. Bearings referenced herein are oriented to magnetic north as shown on a plan entitled " Maine State Highway Commission Right of Way Map, State Highway '26'", dated June 1953, and revised December 1979. MEANING AND INTENDING to convey and hereby conveying the same premises described in a deed from Richard A. Byrne, et al, to Joseph H. Byrne and Sheila M. Byrne, recorded in the Waldo County Registry of Deeds in Book 1048, Page 198."

D. The parcel of real property and all improvements located at **142 Lighthouse Road, Stockton Spring, Maine**, Map R5, Lot 91 and 81, as more fully described in a Deed of Sale by Personal Representative (Testate) Book 2464, Page 023, as follows:

"A certain lot or parcel of land together with buildings and improvements thereon situated in the Town of Stockton Springs, County of Waldo, State of Maine being more particularly bounded and described in a warranty deed from Judy P. Houghton, Linda P. Paquette and Susan P. Antell to Martha Weeks Rogers dated June 30, 1997, recorded June 30, 1997 in Waldo County Registry of Deeds Book 1706, page 3 as follows: 'A certain lot or parcel of land with the building thereon situated in Stockton Springs, County of Waldo, State of Maine, bounded and described as follows, viz: Beginning at a point at the highwater mark of the northerly shoreline of the Penobscot River which point marks the intersection of the dividing line between the premises hereby conveyed and premises now or formerly of Bessie C. Sanborn as described in a

deed recorded in Waldo County Registry of Deeds, Volume 707, Page 756 with said northerly shoreline; thence North 9° 25' 10" East a distance of forty (40) feet, more or less, to a No. 6 rebar with aluminum cap marked "Plisga & Day, RLS 1030"; thence continuing North 9° 25' 10" East a distance of two hundred forty- one and four hundredths (241.04) feet to a rebar similarly marked; thence continuing North 9° 25' 10" East a distance of forty-one and forty-six hundredths (41.46) feet to a granite monument; thence continuing North 9° 25' 10" East a distance of four hundred twenty-two and nineteen hundredths (422.19) feet to a granite monument; thence South 86° 52' 28" East a distance of eighty-four and fifty-eight hundredths (84.58) feet to a granite monument; thence continuing South 86° 52' 28" East to a distance of one hundred twenty-two and seventy-eight hundredths (122.78) feet to an iron pipe; thence South 7° 51' 51" West a distance of four hundred thirty-three and thirty-four hundredths (433.34) feet to a granite monument; thence continuing South 7° 51' 51" West a distance of forty- nine and five tenths (49.5) feet to a No. 6 rebar with aluminum cap marked "Plisga & Day, RLS 1030"; thence continuing South 7° 51' 51" West a distance of three hundred forty-one and twenty-three hundredths (341.23) feet to a No. 6 rebar similarly marked; thence continuing South 7° 51' 51" West a distance of forty (40) feet, more or less, to a point in the high water mark of the northerly shoreline of Penobscot Rive; thence in a westerly direction following the high water mark of said shoreline a distance of two hundred fifty (250) feet, more or less to the point of beginning.' Also conveying hereby all right, title and interest in and to the area lying between high and low water marks and between the east and west lines of the conveyed premises extended to low water mark. It is meant and intended to convey and does hereby convey all that premises conveyed in a deed from Judy P. Houghton, Linda P. Paquette and Susan P. Antell to Martha Weeks Rogers dated June 30, 1997, recorded June 30 1997 in Waldo County Registry of Deeds Book 1706, Page 3."

E.   Approximately **$970,032.00** in United States Currency which

constitutes the net proceeds of the interlocutory sale of real property located at **1406 Atlantic Highway, Northport, Maine,** as defined in the September 16, 2005 Stipulation for Interlocutory Sale (amended in part on November 14, 2005), and the Interlocutory Sale Order entered by this Court on November 14, 2005, which property was sold and closed escrow on March 30, 2007 at which time a check from the escrow agent was forwarded to the U.S. Marshals Service, San Diego, California, in the amount of $970,032.01 to be deposited in the U.S. Marshals Seized Assets Account and held until further order of the court according to the terms set out in the Stipulation for Interlocutory Sale; Order Thereon, page 10, paragraphs 4 and 5.

IT IS FURTHER ORDERED that upon the close of escrow on the sale of the property located at 169 Searsport Avenue, Belfast, Maine, that ten percent of the net proceeds be remitted to Dorothy F. Gardner, in her capacity as owner and President of the Yankee trader Acquisition Corporation in full and complete satisfaction of the leasehold interest held by Yankee Trader Acquisition Corporation in the property located at 169 Searsport Avenue, Belfast, Maine. The net proceeds will include all money realized from the sale of the property at 169 Searsport Avenue, Belfast, Maine except for the following:

    i    Real estate commissions, if any;
    ii   Amounts due the holder of any valid lien which was recorded at the Waldo County Recorder's Office prior to the time plaintiff's Notice of Lis Pendens was recorded;

    iii   Real estate property taxes which are due and owing;

    iv   Insurance costs, if any;
    v    Any and all costs incurred by the United States Marshals Service, the FBI or any other governmental agency that were incident to the seizure, custody, and sale of the property;

    vi   Escrow fees;

    vii    Document recording fees;

  viii    Title fees;

    ix    County transfer taxes;
     x    Any other customary local fees incident to the sale and closing of property in Waldo County, State of Maine.

IT IS FURTHER ORDERED that costs incurred by the United States Marshals Service, and any other governmental agencies which were incident to the seizure, custody and storage of the properties be the first charge against the forfeited properties.

IT IS FURTHER ORDERED that the United States Marshals Service has the authority to evict any and all occupants of the above-referenced real properties when necessary.

IT IS FURTHER ORDERED that the United States Marshals Service shall dispose of the forfeited properties according to law.

IT IS FURTHER ORDERED that the Clerk is directed to send copies of this Order to all counsel of record and to the United States Marshals Service.

DATED: 11/29/07

THOMAS J. WHELAN, Judge
United States District Court